UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-30-KKC

TRACY CAMMACK,                                                           PLAINTIFF,

V.                  **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

LINDA MCMAHON,[1]
Commissioner of Social Security,                              DEFENDANT.

## I. INTRODUCTION

Plaintiff, Tracy Cammack, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits. This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's motion for summary judgment [R. 7] be denied, Defendant Commissioner's motion for summary judgment [R. 8] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on October 20, 2003. [Tr. 48-

---

[1] The Court takes judicial notice of the fact that Linda McMahon became the acting Commissioner of the Social Security Administration on January 20, 2007. Pursuant to Fed. R. Civ. P. 25(d)(1), Ms. McMahon shall be substituted as the named Defendant Commissioner herein, and all further pleadings shall reflect the same.

50.] The claim was denied initially and on reconsideration. [Tr. 29, 30.] At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), was conducted on August 10, 2005. [Tr. 12-20.] Plaintiff, accompanied by counsel, testified at the hearing. [Id.] Also testifying was vocational expert Linda Sparrow (hereinafter "VE"). [Id.] On October 28, 2005, the ALJ found that Plaintiff was not disabled and, as a consequence, not entitled to disability insurance benefits. [Id.] The Appeals Council declined to review the ALJ's decision [Tr. 5-7], and Plaintiff now seeks judicial review.

Plaintiff was forty-three (43) years old at the time of the administrative decision. [Tr. 13.] Plaintiff has a high school education and her past relevant work experience consists of employment as a factory worker. [Id.] At the hearing, Plaintiff testified that she was unable to work due to severe pain throughout her body. [Tr. 288-89.] Plaintiff generally described her pain as constant, dull, and throbbing, and rated it as a "7" out of 10 on the pain scale on an average day. [Tr. 289.] Plaintiff further stated that she takes about five (5) Lortab a day for her pain which makes the pain tolerable but does not eliminate it. [Tr. 290.] Plaintiff indicated that she also takes Nexium for heartburn and upset stomach and occasionally takes Xanax. [Tr. 291.] Additionally, Plaintiff testified that she experiences swelling and numbness in her hands. [Tr. 296.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past

>relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 28, 2003, the alleged onset date of disability. [Tr. 13.] At the second step, the ALJ found that Plaintiff's medically determinable impairments were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Tr. 15.] Those impairments included persistent pain syndrome, fibromyalgia/myoneural disorder, chronic low back pain, chronic cervical pain, left side parasthesia of the left arm and leg, and obesity. [Id.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Id.] At the fourth step, the ALJ found that Plaintiff was unable to perform her past relevant work, see 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). [Tr. 18.]

At the fifth and final step, relying on the testimony of the VE and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC"), the ALJ found that Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy and denied her claim for disability insurance benefits on that basis. [Tr. 19.]

An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App.

3

LEXIS 25567, *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708, *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ found the Plaintiff's RFC to be the following:

> The claimant has the residual functional capacity to perform a significant range of light exertional work She would be able to lift and carry 20 pounds occasionally and 10 pounds frequently and sit, stand, or walk for no more than 6 hours each in an 8 hour work day. She would be restricted to no more than frequent (repetitive) pushing and pulling or use of hand and foot controls with the left upper and lower extremities and no more than frequent (repetitive) lifting overhead with the left arm. She could occasionally climb stairs and ramps and occasionally bend, stoop, kneel, or crouch; and she should avoid concentrated exposure to extreme heat and cold and full body vibrations.

[Tr. 19-20.]

Although not per se required, the testimony of a VE is the preferred method of evaluating whether a claimant is capable of making a successful adjustment to work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043, *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538, *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In this case, the VE testified that:

> [T]he claimant could perform the following occupations which exist in the state and national economies in these approximate numbers: assembly work 37,500 jobs in the state and 1,800,000 nationally; an order caller with 1,000 jobs in the state and 50,000 nationally; and a gate keeper with 11,000 jobs in the state and 550,000 nationally.

[Tr. 19.]

The ALJ found Plaintiff not disabled at step five of the sequential evaluation process, based on the VE's testimony. See 20 C.F.R. §§ 404.1520(g). The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 11, 2006. [Tr. 5-7.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [R. 7 & 8] are now ripe for review.

4

## III. ANALYSIS

### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion." It is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

B. Plaintiff's Contentions

Plaintiff raises two (2) arguments on appeal to this Court. Specifically, Plaintiff contends that the ALJ did not properly evaluate the credibility of her subjective complaints of pain. Plaintiff also argues that the ALJ failed to consider relevant testimony from the VE. For the reasons set forth below, Plaintiff's arguments are without merit.

1. Credibility of Plaintiff's Subjective Complaints of Pain

Plaintiff's first claim is that the ALJ improperly evaluated her subjective complaints of pain. Plaintiff contends that the ALJ found her lacking credibility as a witness merely because she did not accurately recite all of the side effects of her medications. She suggests that this type of credibility determination "should be based on material facts, not on trivial statements made under the extreme conditions of a hearing." [R. 7.] Plaintiff, therefore, asserts that the ALJ's decision amounted to an abuse of discretion.

The Regulations provide that an ALJ must "consider all . . . symptoms, including pain, and the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence. 20 C.F.R. § 416.929(a). However, allegations of pain "will not be found to affect [the] ability to do basic work activities unless medical signs or laboratory findings show [the existence of a] medically determinable impairment(s)." Id. at § 416.929(b). The impairment, as evidenced by medical signs and laboratory findings, must reasonably be expected to produce the alleged pain or symptoms. Id. As such, the ALJ is required to determine the extent to which a claimant's subjective allegations of pain are consistent with the objective medical evidence. Moreover, while a subjective assessment of pain is relevant to determining whether a claimant is disabled, it is not conclusive evidence establishing a disability. Warner v. Comm'r of

Soc. Sec., 375 F.3d 387, 392 (6th Cir. 2004). "Nevertheless, an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 475 (6th Cir. 2003). An ALJ's credibility determinations, however, must be supported by substantial evidence in the record. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997).

In the instant case, the ALJ did consider Plaintiff's allegations of pain, and the extent to which the Plaintiff's allegations were consistent with the medical findings. The ALJ ultimately concluded that Plaintiff's "allegations regarding her limitations are not totally credible." [Tr. 19.] Contrary to Plaintiff's contentions, the ALJ's credibility determination was not based solely on her inability to accurately recite the side effects of her medications. Instead, the ALJ concluded that the record "does not support the claimant's testimony regarding the intensity and persistence of her symptoms, which she alleges are disabling." [Tr. 16.]

In support of this finding, the ALJ cited Plaintiff's testimony that she could sit for no more than ten (10) minutes at a time. [Tr. 17; see also Tr. 297.] However, at the hearing, the ALJ observed that Plaintiff was able to sit for one hour without changing positions. [Id.] The ALJ also noted further inconsistencies. For example, although Plaintiff testified that she has no side effects from her medication [Tr. 291], she later indicated that the medication affects her driving [Tr. 284-85]. Although Plaintiff suggests that this inconsistency provided the sole basis for the ALJ's determination that she was not entirely credible, that is simply not the case. The inconsistency in her testimony was not her inability to recite the side effects but rather the other evidence that contradicted those alleged side effects. Plaintiff indicated that the medication affected her driving; however, the ALJ specifically noted that she is able to drive to her appointments and drove almost

an hour to the hearing. [Tr. 16; 285; 303.] In addition, the ALJ found that Plaintiff is able to take care of her personal needs. [Tr. 16.] She also does light housekeeping, watches television, reads, and visits with family. [Id.] The ALJ also noted that Plaintiff uses her sister's above ground swimming pool and has no problems getting in and out of the swimming pool. [Id.]

Considering the medical evidence, the ALJ stated that Plaintiff "has been treated conservatively with medications, physical therapy, and steroid injections" and noted her testimony that the medications do help. [Tr. 17.] Despite Plaintiff's allegations of disabling pain, the ALJ noted that "[s]urgery has never been recommended, and there is no documentary evidence to suggest that any treating or examining source has ever imposed any mental or physical limitations that would prohibit the claimant from performing all basic work activities." [Id.] Similarly, the state agency medical consultants concluded that Plaintiff had the ability to perform work requiring light exertion. [Id.; see also Tr. 195-206, 268-277.] Based on all of the evidence discussed above, the ALJ concluded that Plaintiff's allegations regarding her limitations were not totally credible.

Therefore, the ALJ's credibility determination is supported by substantial evidence in the record. As such, this finding should not be disturbed as this Court owes substantial deference to the credibility determinations of an ALJ. See Villarreal v. Sec'y of Health & Human Servs., 818 F.2d 461, 463 (6th Cir. 1987); Siterlet v. Sec'y of Health & Human Servs., 823 F.2d 918, 920 (6th Cir. 1987).

### 2. Failure To Consider the VE's Testimony

Plaintiff's second claim is that the ALJ failed to consider relevant testimony from the VE. At the hearing, Plaintiff's counsel posed the following hypothetical to the VE:

> All right. Let's, let's assume that the Lortab does make her drowsy, that she's not supposed to drive or operate any type of equipment, may even possibly put her to

sleep.

[Tr. 314.] In response, the VE stated that Plaintiff would not be able to perform the jobs identified as being compatible with her RFC. [Id.] Plaintiff claims that the ALJ failed to consider this testimony and, therefore, that it was error for the ALJ to find that Plaintiff was "still functionally capable."

For most of reasons stated above, Plaintiff's second argument also fails. Prior to Plaintiff's counsel asking the above hypothetical to the VE, the ALJ posed a similar question of his own. The ALJ posed the following hypothetical:

> Assuming that I give [Plaintiff]'s testimony today full and total credibility and the impairments that she's testified to are supported by credible medical evidence, would there be any jobs available to her on national or regional economy?

[Tr. 314.] Again, the VE answered in the negative. [Id.] However, fatal to Plaintiff's claim is the fact that the ALJ did not find Plaintiff's subjective complaints of pain fully credible. As discussed above, that decision is supported by substantial evidence in the record.

Moreover, there is no evidence in the record to support the limitations incorporated into the hypothetical question posed by Plaintiff's counsel. Plaintiff's counsel asked the VE if any jobs would still be available to the Plaintiff if her medication caused drowsiness. [Id.] Plaintiff, however, has never alleged that the Lortab causes her to be drowsy. As the Commissioner correctly points out, Plaintiff has specifically denied experiencing any side effects from the Lortab on multiple occasions, including the administrative hearing. [See Tr. 177, 179, 181, 291.]

When viewed in its entirety, the record contains substantial evidence to support the ALJ's determination that Plaintiff retained the RFC to perform a wide range of light work. That some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.

See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.  Accordingly, it will be recommended that the Commissioner's decision finding Plaintiff not disabled be affirmed.

### IV. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [R. 8] be granted; Plaintiff's motion for summary judgment [R. 7] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 20, 2007.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge

10